UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                       Case No. 09-CR-19

ELI JONES, JR.

        Defendant.
_____

## ORDER

A grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against Eli Jones, Jr. ("Jones") on January 13, 2009. The indictment charges Jones with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On February 19, 2009, Jones filed a motion to suppress evidence consisting of all items seized by law enforcement pursuant to an October 9, 2008 search warrant. Magistrate Judge Patricia Gorence considered the motion and issued a recommendation to this court that Jones' motion to suppress be denied. In response, Jones filed an objection to the Magistrate's recommendation. After *de novo* review of the motion, this court will adopt the recommendation and deny Jones' motion to suppress.

## BACKGROUND

Jones' arrest and subsequent charge arise from the October 9, 2009 search of a residence located at 4620 N. 30th Street in Milwaukee, Wisconsin. Law enforcement executed the search pursuant to a state court search warrant issued

by Milwaukee County Court Commissioner Barry Phillips ("Commissioner Phillips"). Commissioner Phillips issued the warrant after receiving a search warrant application and supporting affidavit from Milwaukee Police Officer Timothy Bandt ("Officer Bandt"). The affidavit avers that Officer Bandt received information from a confidential informant that he had observed at least one firearm inside the subject residence within the past 14 days and had observed Jones armed with a black, semi-automatic pistol inside the residence. The affidavit further states that the informant positively identified Jones from an array of photos, that Officer Bandt confirmed the informant's understanding and ability to identify firearms, and that the informant is a credible source given past law enforcement experience with the informant and corroboration of his information. Based on the affidavit and accompanying application, the Commissioner issued the no-knock search warrant that is the subject of the instant motion to suppress.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(B), a magistrate judge may consider dispositive motions, such as motions to suppress, and issue recommendations to the district judge regarding the motions. *See id.* When a party objects to a magistrate's findings, the district court judge must make *de novo* determinations as to these findings. *See id.* § 636(b)(1)(C); *see also Delgado v. Bowen,* 782 F.2d 79 (7th Cir. 1986). The district court may adopt the recommendation in part or in its entirety and has the final authority of judgment in the case. *Delgado*, 782 F.2d at 82. If

necessary, the district court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court has reviewed the evidence and renders a decision on those records alone.

**ANALYSIS**

Jones alleges that evidence seized from 4620 N. 30th Street should be suppressed because the authorizing search warrant was not supported by probable cause. Specifically, Jones asserts that Officer Bandt's affidavit submitted in support of the search warrant application is insufficient because it does not adequately establish the reliability of the confidential informant. However, based on the totality of the circumstances, this court finds that the affidavit provides adequate probable cause supporting issuance of the search warrant.

When an affidavit is the only evidence in support of a search warrant presented to a judge, then the warrant's validity rests solely on the strength of the affidavit. *United States v. Peck*, 317 F.3d 754, 755-56 (7th Cir. 2003) (citing *United States v. Roth*, 391 F.2d 507, 509 (7th Cir. 1967)). Probable cause for a warrant is established when the affidavit sets forth "sufficient evidence to induce a reasonably prudent person to believe that a search will uncover evidence of a crime," based on the totality of the circumstances. *United States v. Farmer*, 543 F.3d 363, 377 (7th Cir. 2008) (citing *United States v. Garcia*, 528 F.3d 481, 485-86 (7th Cir. 2008). When the affidavit includes information from a police informant, the court considers the following: 1) the extent to which the police have corroborated the informant's

-3-

statements; 2) the degree to which the informant has acquired knowledge of the events through firsthand observation; 3) the amount of detail provided; and 4) the interval between the date of the events and the officer's application for the search warrant. *Id.*

Officer Bandt's affidavit presents sufficient facts to establish probable cause. The affidavit includes information from a witness, the confidential informant, who personally observed Jones armed with a "black in color, semi-automatic pistol" inside the residence within the previous 14 days. (Aff. ¶ 4). The informant named the residence's exact location, 4620 N. 30th Street, and provided a physical layout of the residence. The informant gained firsthand knowledge that the site contained a weapon because he was physically present inside the home. He was also able to describe the use and sale of narcotics from the location. Further, the informant conclusively identified Jones as the individual he observed with the firearm from an array of photographs.

Additionally, Officer Bandt verified that the informant had a sound understanding of firearms basics and could distinguish different weapons. The officer also established, based on a NCIC records check, that Jones had a previous felony conviction for reckless injury, as well as a prior conviction for being a felon in possession of a firearm.

Finally, when considered in its totality, the affidavit provides sufficient past corroboration of the informant's information to support his credibility. As Magistrate

Gorence points out, the affidavit often makes vague and conclusory statements about corroboration of the informant's past information, such as: "the informant is giving Law Enforcement Officers information directly corroborated by the knowledge and past experience of the Law Enforcement Officers." (Aff. ¶ 4). However, the affidavit goes on to specify that the informant previously provided corroborated descriptions of other locations that contain firearms and are used for drug sales. The affidavit elaborates that the informant's prior assistance lead to the arrest and charging of two other defendants, with "one person awaiting trial in State court on felony weapons violations, and one person awaiting trial in State court on narcotics violations." (Aff. ¶ 4). Thus, Officer Bandt's averment logically implies that the Milwaukee Police Department found the informant's previous information to be reliable and accurate since it resulted in criminal charges. Based on all of the aforementioned, the court finds that the affidavit provides sufficient evidence to establish probable cause.

Moreover, a good faith exception applies to the evidence uncovered pursuant to the search warrant. Therefore, the court would not suppress the evidence even without the court's determination that probable cause existed.

Even when probable cause does not exist to support a warrant, the warrant can "be saved by the good faith exception." *United States v. Prideaux-Wentz*, 543 F.3d 954, 959 (7th Cir. 2008) (quoting *United States v. Olson*, 408 F.3d 366, 372 (7th Cir. 2005)). In *United States v. Leon*, the Supreme Court stated that evidence

Case 2:09-cr-00019-JPS   Filed 03/31/09   Page 5 of 7   Document 22

need not be excluded if a law enforcement officer relied upon an apparently valid warrant, in good faith, even if that warrant was later determined to be invalid. 468 U.S. 897, 922-25 (1984). An officer's decision to seek a search warrant is prima facie evidence that he was acting in good faith. *Prideaux-Wentz*, 543 F.3d at 959. A defendant may only rebut this presumption of good faith by showing that the judge issuing the warrant "abandoned his role as a neutral and detached arbiter, that the officers were dishonest or reckless in preparing the supporting affidavit, or that the affidavit was so lacking in probable cause that no officer could have relied on it." *United States v. Curry*, 538 F.3d 718, 730 (7th Cir. 2008) (citing *United States v. Mykytiuk*, 402 F.3d 773, 777 (7th Cir. 2005)).

Officer Bandt's decision to seek a search warrant is prima facie evidence that he was acting in good faith. Jones argues that the *Leon* good faith exception does not apply because Officer Bandt knew the search was illegal based on his many years of law enforcement experience. However, Jones fails to rebut *Leon's* presumption of good faith because he does not establish that Commissioner Phillips was not a neutral arbiter, that Officer Bandt was dishonest in preparing the affidavit, or that the affidavit so lacked probable cause that no officer could have relied upon it. *See Curry*, 538 F.3d at 730. Jones makes no argument regarding the first two bases, and fails to establish the third because he cannot show that no reasonable officer would rely on the warrant. As Commissioner Phillip concluded and the court articulated above, probable cause did exist for issuance of the search warrant.

-6-

Case 2:09-cr-00019-JPS   Filed 03/31/09   Page 6 of 7   Document 22

Thus, a reasonable officer could have believed he was acting pursuant to a valid search warrant. As a result, the *Leon* exception applies to evidence recovered from the 4620 N. 30th Street residence.

Accordingly,

**IT IS ORDERED** that Magistrate Gorence's Recommendation and Order (Docket #15) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that Jones' motion to suppress (Docket #12) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge